Good morning everyone. First matter is Checker Cab of Philadelphia v. Uber Technologies. Good morning. May it please the court, my name is Michael Henry. I represent Checker Cab of Philadelphia and 45 individual taxi cab companies which own medallions and are licensed by the Philadelphia Parking Authority to provide taxi cab service in Philadelphia. Why shouldn't we apply Dial-A-Cab or if we do apply it, does that end the inquiry? Yes. I'd like to reserve a few minutes of my time at the end. Well, Dial-A-Cab is a case that does not apply Pennsylvania law. The central issue in this case is whether or not... Not upon Sandos though. Sandos is a Third Circuit case but Sandos applied the federal regulatory framework under the Food and Drug Administration regulations and in that case there were two competing cough syrup companies in which one company said that the other company was engaged in false labeling under the FDA regulations because it didn't list an active ingredient and in that case there was a necessity of agency expertise which would have had to have interpreted the regulations there but again, Sandos didn't involve an application of federal... So your claim is under Pennsylvania law of unfair competition, correct? Yes. And how do you satisfy the elements of unfair competition under Pennsylvania law? Well, under Pennsylvania law, essentially characterizing the cause of action as a claim in unfair competition is really just describing the conduct here and whether... Well, that's what you did. That's what count one is, correct? That's right. What it does is describe a violation of statute here so whether or not there's a private cause of action under that statute is determined by interpretation... Wait, wait, wait. You're not suing as a private cause of action under a statute. You're suing for unfair competition. That's what your count one is, right? That's right. You're saying that because there is a violation of law, they're unfairly competing but your essential cause of action is unfair competition. It's not a cause of action under the PUC. You haven't pled it that way. Right. But we did seek to amend the statute to allege a statutory cause of action. But you wanted to amend the complaint to allege an entirely different cause of action because unfair competition is what you're suing on, right? That's right. And unfair competition is judged based upon Pennsylvania law. I'm asking you, how do you satisfy the elements of unfair competition under Pennsylvania law? Yes. Under Pennsylvania law, Pennsylvania has adopted the restatement second... Wait, wait, wait. Pennsylvania has adopted the restatement. The Pennsylvania Supreme Court has said the restatement is the applicable law. I think it's actually to the contrary, is it not? No. The restatement 874A, which is whether or not a cause of action exists under a statute, which is what we allege in our complaint. And under that, the court has also explicitly... The Pennsylvania Supreme Court has also explicitly adopted the framework under Court v. Ashe, What page did the Pennsylvania Supreme Court adopt page 74A in? That would be a state of Woodhoff v. Kiscaden, which is cited in the brief. It's 733A, second, 623, Pennsylvania Supreme Court, 1989. It's cited on page 21, I guess, of your brief. Go ahead. That's right. And so under that framework, there are three prongs that have to be satisfied. And of those, the Supreme Court has identified the second prong as the most important, which is whether or not there is any explicit or implicit legislative intent that indicates that a private cause of action either exists or doesn't exist. And here we can point to Section 3309 of the Public Utility Code, which explicitly... You never pled 3309. However, the amended complaint fairly... If you were permitted to amend, it would have said, but... That's correct. But the district judge denied... Actually, the motion for reconsideration made it contingent, the amendment contingent upon being granted the motion for reconsideration. So when she denied it, you weren't permitted to amend. Is that correct? Yes, that's correct, Your Honor. But I would say that the amended complaint as submitted fairly states a cause of action, whether or not it explicitly cites 3309 or not. The law is in Pennsylvania that there is a private cause of action under 3309 for damages. So are you saying the court was wrong in denying your motion to amend? Yes, Your Honor. But you said the motion to amend would only be relevant if she granted your motion for reconsideration, did you not? I think you specifically said that. I don't know whether it was stated in the alternative or whether it was explicitly contingent. Just look at page 10 of your motion for leave to file. It said, if the court grants reconsideration, then technical amendment would be necessary. If it doesn't, then amendment is not necessary. And the court did not grant it. Right. I think the reason there was that if reconsideration is not granted, then there would be no basis for amendment. Your Honor, essentially what we're focusing here on is that there's a long line of cases. Let me get back to the restatement. I still don't understand exactly what your unfair competition claim is. And I'm looking at restatement third of unfair competition. Which section of that provision are you relying on? Well, specifically under comment G, there's a statement that – Correct. And in the comments to the restatement, there's an explicit reference to 874A of the restatement. The comments – I'm really looking at 1A, sub 123, and B. And in order to get to the comments, you have to tell me which section of the restatement itself. It's not very long. Yes, Your Honor. Essentially, unfair business practices that – with regard to the licensing requirements for a particular industry, that there is catch-all phrase, and that's the one that we're relying on, which I believe is the third clause there. The catch-all phrase is other unfair business practices. And in a comment – But that's not the restatement. Is that the same as 874, the restatement? No. We believe that the cause of action exists here under the restatement second of torts, section 874A. I just downloaded Whitthoft and did a search for restatement 874. It's not mentioned in the opinion. Well, it does specifically adopt the analysis under Court v. Ash, which – Court v. Ash. Well, that's the Supreme Court. Right, which recognizes that a private cause of action under 874A is determined by a three-pronged test. And that three-pronged test is whether or not – So Court v. Ash recognizes the validity of something that came after it? Court v. Ash is essentially – What's the date that Oak Creek Dash was decided?  Nonetheless, answer the question. It's not a new case, whereas restatement third is fairly decent. Well, we're talking about the restatement second of torts, section 874A, which has been the law, I believe, was in effect at the time of Court v. Ash as well. 75 was the answer to the question. Right, and I believe what it does is it adopts the framework for analysis of whether or not there is a private cause of action under the restatement second of torts, 874A. Are you talking about restatement of unfair competition or restatement of torts? Again, your count is unfair competition. That's right, and just to make it clear – Let's make it clear. Well, the labeling of that cause of action as a claim in unfair competition just broadly describes the nature of the case here, which is that the violation of statute by the defendants has caused harm to the plaintiffs. What the district court did there was to equate the unfair competition claim to a statutory claim under the Lanham Act. What's the only difference is the absence of the interstate commerce element, or was it just the same cause of action? Well, that's not the case. There are cases that show that the restatement – that unfair competition under Pennsylvania law has been interpreted more broadly, but that's really kind of beside the point because whether or not it's – I don't want to pigeonhole this simply because it's labeled as unfair competition. The essence of the claim, the wording of the cause of action are clearly that this is based on a violation of statute. But it is unfair competition – I'm sorry, Judge. But it is unfair competition based on the violation of the statute. That's right. In that the violation of the statute here allowed a company to unfairly compete against the plaintiffs because of a licensing issue, a lack of licensing. So is it your position that the unfair competition – common law of Pennsylvania unfair competition law is broader than unfair competition under the Lanham Act? It is, and in addition to that, that regardless of that, that the – whether or not a cause of action exists under the parking authority law or the public utility code is an issue that I think is clearly established under the court fiasco analysis. As I read your brief, you haven't really challenged the district court's determination of the federal law claims, including the Lanham Act claim. That's correct. This is limited to the Pennsylvania – Should we decide or remand to the district court the question of whether supplemental jurisdiction should be exercised under these circumstances? Depending on the outcome of the appeal, yes. You're on a fairly good job of that. Yes. You made it better than the law, sir. That's correct. Okay, we saved some time, I think, and we didn't even get to the nature of the private cause of action that you're relying upon that I wanted to ask about, but we can get to that on rebuttal. Would you like me to address that? We've still got some time. Okay, so – We've still got some time. So, essentially, we assert that the plaintiffs in this action were the class – or class of beneficiaries under the statute that the statute was enacted clearly to benefit their interests and their ability to – Which statute? 3309? No, this would be the parking authority law, which grants exclusive right to operate in Philadelphia with the purchase of a medallion and a license by the PPA, and that clearly the statute – they're the intended beneficiaries of that statute, and the violation of that inhibits their ability to carry out the purpose of that statute, which is to upgrade the level of their services to provide clean, safe, reliable taxicab service. Does that mean that any time there is a regulatory enactment, that anyone who is harmed by a violation of that regulation has a private cause of action to bring a lawsuit? Well, in this particular situation, the statutory provision creates an exclusive property right for those individuals, and it's analogous to licensing statutes. It's also analogous to – Which one creates? The parking authority law, Section 5702 creates a property right in the medallion. But it does – there is no private right of action for a suit under 5714, is there? No, no private – in Chapter 57 of the parking authority's law, there is no explicit private right of action. However, the public utility code provides for that. Which you put in your amended complaint, the 3309. Well, I think 3309 is simply a statement of the law that there is a private cause of action. It does refer to statutory and common law rights of action that are not to be disturbed by the enactment of the public utility code. I get back to the point that I made at the outset, and that is your suit is styled as an unfair competition. That's what it says, unfair competition. Your suit is not a suit under 3309 to redress a statutory violation. Well, it is – It's not styled that way. Well, it is not styled explicitly on 3309, but – Well, it's not styled explicitly as a suit for damages caused by a violation. It's styled as they are unfairly competing by virtue of violating the statute. That's a different issue, is it not? I don't see it as a different issue, Your Honor, because engaging in the provision of unlicensed taxicab service, we would characterize as unfair competition as a matter of law. And that I can't separate it, I think, logically from the issue of just providing unlicensed service in violation of the statute. Thank you. Thank you. Good morning, Your Honors. Good morning. Ray Cardozo for the Uber Defendants. And I want to start with the questions Judge McKee and Judge Riddell started off with. There is no reason to depart from dial-a-car unless the Pennsylvania law of unfair competition provides something materially different. You know, here we have a situation where dial-a-car, the court focused on the fact that, one, it's a matter for the agency expertise. And the court was being asked to make a declaration that was better off for the agency. Here, hasn't the agency already made a determination? That was part of dial-a-car, but the crux of dial-a-car – Answer the question first and then tell me what you want me to hear. No, I don't believe the agency has made a determination because there's two things – The agency here has not made a determination about whether or not Uber must have medallions to operate in Philadelphia. Because it's always brief, and we're wrong about that. No, because you've got to remember, Uber was not brought before the PPA in any of these proceedings. In these proceedings, other proceedings. In any other proceedings because – There's never been a ruling by the PUC about – There have been rulings involving Uber drivers, but the crux issue of this case is whether the software provider, that was never brought before the PPA. And then we have the legislature passing a new statute that says, treats transportation network companies differently. So this issue has never been resolved. So why is this – the courts are citing incredibly complicated issues every day. Why is this – and I know the case is all over the place, but we talk about this is better left to the agency expertise. Why isn't – whether or not Uber is operating in Philadelphia in violation of the Public Utility Commission's requirements, why isn't – or the PPA's requirements, I'm sorry. Why isn't that something that a court can very easily determine? They have medallions, don't you? Because the issue is not just whether the court is capable of determining it. The issue is also whether the unfair competition law is intended to permit a business competitor. That's a different question. Yeah. Is it part of the cause of action? But that was part of what Dial-a-Car said. Absent passing off or – Right. Dial-a-Car recognized the Lanham Act is a business-to-business, you're usurping my property, you're usurping my business. Right, but they weren't interpreting 3309. They weren't interpreting 3309, but what they recognized is that an unfair competition cause of action is not a mechanism for enforcing regulations. That's not what Congress had in mind when passing the Lanham Act, which was modeled on state unfair competition, which also wasn't a mechanism for enforcing regulations. Why couldn't Pennsylvania enact a statute which basically gave the same kind of cause of action that already existed under the Lanham Act in situations where there was no nexus to interstate commerce and therefore there was no ability to get into a federal court? Why couldn't that happen? They could. They haven't, and their state law of unfair competition has – there's a wild leap that the state law of unfair competition exists to permit a regulated entity to sue to complain about a fellow regulated entity's violation of regulations, and there's no basis in Pennsylvania law for that. What is your view of the Pennsylvania law of unfair competition? What case for provision of statute or restatement sets forth the Pennsylvania law of unfair competition that would not permit such a thing? We've cited – well, there are a number of cases that say it's basically the co-extension of the Lanham Act. It's about business-to-business competition. And then the furthest out we could find – This is about business-to-business competition, is it not? When they're misappropriating your goodwill, your intellectual property, they're falsely describing their goods and services. So you're saying that element is necessary? That element's necessary. That's always how unfair competition's been interpreted. The furthest out either party's been able to find in terms of stretching done for the competition are the cases involving broadcast rights, boxer rights, which again have the idea that your competitor is taking away what belongs to you. Well, that's what they're claiming here, that by virtue of violating the law, you're getting an end run around this compliance and able to compete with them in a way that they shouldn't be able to because they're not properly licensed. That's the fatal leap. They are complaining the regulators said you need to do certain things. That has not taken their property, etc. That's an issue that arises solely by virtue of the existence of the regulation. And that's some of this case. When your cause of action exists solely by virtue of the regulations, you have to see in the regulations themselves some evidence of an intent to create a private cause of action because you cannot just borrow. Well, 3309 does that. 3309 gives a private cause of action to someone if they believe someone else has been violating the PUC laws and they have been harmed thereby. Right, but 3309 has never, and it's been around for a long time. It was enacted in 78 and had a predecessor version. It has never been interpreted as a fellow regulated entity's right to sue. But it doesn't need to be interpreted. It's very clear. No, the text is to the person injured thereby, which clearly means a service provider and the person who's the recipient of the service. It's not so limited. It doesn't say that. It says any person. Well, but it's been interpreted. If you look at the Feingold case that we cited, it's been interpreted as preserving judicial remedies that previously existed at common law. So the essence of 3309 is if you've got a regulatory violation, but you've also breached a contract with the recipient of service, the existence of the regulation does not displace the recipient of service's right to cause. No, the last sentence says that with respect to certain limited causes of action, but the broad statute itself doesn't really say it. But the text is to the person or entity injured thereby means the regulation for whose purpose. The regulation exists to protect the recipient of service. That's about a fatal leap in this case. In Judge Spencer's decision in the Philadelphia Tax Association case, he aptly noted that these regulations exist to protect the public. They are not granting a franchise a cause of action to the regulated parties. And he cited to the Seventh Circuit's decision in October 2016 in a case brought by a trade association claiming they had a property right in these taxicab regulations in Chicago. And Judge Posner made a very good analysis of why that's simply not the case. And that's the crux of what's wrong with their claim. They claim that these regulations, and it runs through the Court v. Ash test they're trying to lob on to and everything. When you look to whether a private cause of action is created, the test is whether the statute is enacted for the especial benefit of this plaintiff. And that's not true. All these regulations exist for the benefit of the public. And the second thing is, is there a legislative intent to create a private damages remedy? Because it wouldn't exist, this case, without the regulation. So therefore the regulations themselves need to reflect intent to create a private cause of action. If Pennsylvania's law of unfair competition permitted a party to glob on to any regulatory violation and bring suit, don't you think we would have seen a published case in Pennsylvania holding that that's permissible? There have been regulations. Well, I don't have an opinion in this sense because no other court has addressed this issue. And that is determinative in terms of the outcome of our inquiry. The fact is, what do we make out of that? They're asking you to predict that the Pennsylvania Supreme Court would extend the law of unfair competition to permit a cause of action that's predicated solely on violation of regulations. When there have been regulations forever in Pennsylvania, as long as the unfair competition statute has existed, and a Pennsylvania court has never recognized that cause of action. So a prediction that the Pennsylvania Supreme Court would do so is unfathomable when it's a very common cause of action that could be brought based upon not just taxi regulations, but a whole host of regulations, state of theory. But here there's a specific language of 3309 that a court could read very narrowly and come to the exact result that Mr. Henry is asking for. It says any person, as we said earlier, shall be liable by consequence thereof, that being any matter prohibited by law. And then it talks about the liability of public utilities, contract carriers, and brokers for negligence is not altered by that provision. But if you look at the first part of that, it is incredibly broad. It wouldn't require the Pennsylvania Supreme Court to think a great deep of faith to get that result. But the key textual phrase is to the person injured thereby, which has to be interpreted. Any person or corporation shall do, as part of your... Injured thereby, which... A person or corporation shall be liable to the person or corporation injured thereby. Right, which means the regulation must be enacted for the benefit of that person. You see, you're not injured in the traditional sense when I'm regulated, you're regulated, and I've made a violation. Every case is... If party B is injured by the contact of party A, and the injury is not the traditional kind of injury of a contract breach, per se, but a licensing violation which tragically loses the property value of the first party, why isn't that a pretty traditional kind of injury? Because there's a big leap when you say it's a non-traditional injury. I don't know that it is non-traditional. I mean, we say standing is injury in fact, and someone has standing to sue for unfair competition when they have been harmed by what someone else has done, and that's what's being claimed here. They're being harmed by the violation. Now, they may not prove that actually the fact that Uber doesn't have licenses has not harmed them, but they may very well prove that it has. But if you look at the Feingold case, it interprets the predecessor to 3309 as protecting only the traditional harm. It's a preservation of the rights that previously existed at law, not the creation of new rights based upon the regulations themselves, and I think that's the crux of it. It's cited in our brief. It's cited in their applied brief also. It basically relieves a private party from having to exhaust administrative priorities under the PUC. Feingold did. Yes. When you have a cause of action, Feingold explains that when the regulatory violation also triggers independent rights that existed, the PUC's fact that they've chosen to pass a regulation doesn't displace the rights that you had previously existing. So the example they gave was a breach of contract. The PUC has obligations in entering into contract, and so you violated that regulation, but they also have a common law claim for breach of contract. The fact that PUC chose to regulate how public utilities contract with their service recipients does not displace the service recipient's right to go to court for breach of contract, but that's a far cry from saying when you're passing a regulation that that in and of itself gives rise to a cause of action for violation of the regulation, not by the recipient of the service, but by another regulated entity. That's a huge leap. Well, it says that the PUC can't award damages. It really has an enforcement mechanism, but it can't award damages to a private litigant. So where does it limit what 3309 means? In fact, I read what the issue says. The question presented by this case is whether an appellant seeking both legal and equitable relief against the public utility should have first exhausted his administrative remedies under the public utility law before seeking judicial remedy. Now, unless you're saying that they first had to exhaust them under the PUC law, assuming that the court basically said what you're interpreting the way you're interpreting it, why wouldn't that be pure dictum when the court just stated the issue as I have explained it to you? Because they explained that the reason why you don't have to exhaust is because the purpose of this provision is to preserve judicial remedies that existed at law and to make clear that the PUC regulations aren't displacing. If they brought a cause of action that existed independent of the regulations, Feingold would say, well, the fact that they passed these regulations doesn't preempt, displace, or preclude their cause of action. But it is a monumental leap to say that you can bring a cause, 3309 permits a cause of action predicated solely on the regulations by a competitor. You're saying the last clause of 3309 is basically there to make sure that Feingold is not interpreted in a way that basically does what the adversary is arguing that it does. As well as the clause to the person injured thereby, which by the traditional context of injury, as in injury in the sense of existing law, not the fact that we pass a regulation and I'm also a regulated entity. When they're using that, they talk about injury in the sense of a law that existed before the PUCs enacted. And, again, the last point I want to pop is think about this. The reason why this 3309 issue doesn't come up, and, by the way, Your Honor, you had that correct in page two of the district judge's opinion, correctly analyzed. 3309 was raised solely as if I grant the motion for reconsideration. So there's a procedural forfeiture issue in there as well. But the monumental reach of this conclusion to stretch 3309 to reach not causes of action that exist already at law, but to give rise to a cause of action that's predicated solely on the regulation itself would be a monumental rewrite of the law, and 3309 has existed forever in Pennsylvania and it's never been interpreted that way. Thank you very much. I just want to make it clear that when we're talking about regulations here, we're not talking about administrative regulations, but rather the statutory law adopted by the General Assembly that regulates this industry. And I think it's clear that the language of 3309, at least the first clause there, creates a cause of action. It doesn't act to preserve existing causes of action. But is it really supposed to be saying, okay, anytime there's unfair competition because someone is not complying with the PUC in any way, that they have a cause of action? Well, what it does is it creates any kind of cause of action that would be factually based on a violation of the PUC, whether or not that creates damages that are recoverable is another question. But in this specific instance... But is it really intended, you know, if there's a public utility and, you know, something blows up and a gas line blows up and they were negligent, then you have a cause of action because this utility harmed you in the classic sense? There would be a common law cause of action for negligence if that's what the causation was. But if that violation was also based upon a violation of a regulatory provision, that in and of itself would be the basis of a cause of action or a negligence per se argument. It just occurred to me, and it kind of goes out of Mr. Fabulous's argument in your presentation. Let's assume that I live on a street where the zoning requirements are a 100-foot setback before you can build. And I've beautifully implied my house is set back 150 feet. A neighbor comes in and builds a house 25 feet from the curb line. You're saying that I can there sue the neighbor for a violation of a regulatory provision of the setback based upon my diminution of property. And I say, look, you're 25 feet from the curb. We have a nice, clean car. I didn't live here. My house was worth $1.5 million in large part because of the scenic setout. Now you're right up on the curb. My house is maybe worth $750,000. I am suing you for the difference of the market value of my property. You're saying that we can interpret this to get the same result. Well, if the zoning ordinance or if the statute authorizing the creation of zoning ordinances allow for private cause of action based upon that, like it does here in the Pennsylvania Public Utility Code. Why would I? They're assuming the same kind of language. Why wouldn't it be interpreted to mean that I can go before the zoning board and ask the zoning board for an affirmative injunction? Well, first of all, I don't believe that either the zoning board or the public utility commission or the parking authority would have the ability to do either injunctive or damages. And one of the things that the defendants argued, or the appellees argued here, was that 3309, in an attempt to argue that it doesn't apply here, argued that it only provides an administrative remedy in the form of damages within the context of an administrative proceeding. And that's clearly not correct, and I think it's demonstrated by Feingold. But in terms of the existence of the cause of action, it exists here first because of the explicit, clear, unambiguous language of 3309 and also under the common law. Thank you. Thank you. Thank you both, counsel, for the argument. We'll take a matter under advisement. Next matter is American Civil Rights Union v. Federal PCA Commissioners.